# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MUFFIN ANDERSON,

    Plaintiffs,

    v.

JPMORGAN CHASE & CO., *et al.*,

    Defendants.

Case No. C18-73 RSM

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A. ("Chase")'s Motion to Dismiss. Dkt. #19. Plaintiff Muffin Anderson opposes this Motion. Dkt. #21. For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses all claims against Chase.

## II. BACKGROUND[1]

**A. Factual Background**

Plaintiff Anderson received a loan and mortgage on the property at 3503 S. Hudson Street, Seattle, from Chase in February of 2007. Dkt. #17 ¶¶ 10–11. On April 22, 2013, Ms.

---

[1] The following background facts are taken from Plaintiff's Amended Complaint (Dkt. #17), and accepted as true for purposes of ruling on this Rule 12(b)(6) Motion to Dismiss. The Court has also considered the documents attached to Chase's Motion, which are explicitly referenced in the Amended Complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). These background facts focus on Defendant Chase, as only the claims brought against Chase are at issue.

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS - 1

Anderson received a letter from Chase stating that she was approved for a trial-loan modification plan, provided that she made three trial payments for June, July, and August 2013. *Id.* at ¶¶ 12–13. On May 15, 2013, Chase informed Anderson it was transferring loan servicing to Select Portfolio Servicing, Inc. ("Select Portfolio") and said to make payments and inquiries to it. *Id.* ¶ 15. However, On May 30, 2013, Ms. Anderson received a second letter from Chase stating that the June payment was due, which created confusion about where Ms. Anderson was to send payments. *Id.* at 16. Ms. Anderson made the first three trial payments to Chase, *id*. at ¶ 14, and subsequent payments to Select Portfolio, *id*. at ¶ 17.

On January 31, 2014, Select Portfolio informed Anderson she was eligible for a trial modification plan and she returned an agreement for it. *Id.* ¶ 18. On May 22, 2014, Select Portfolio informed Anderson that she was not approved for the loan modification and that it was not honoring the trial modification that was put in place by Chase in 2013. *Id.* ¶ 19.

From 2013 to the present date, Ms. Anderson continuously contacted Select Portfolio and Chase to try to resolve the issues with her mortgage loan. Id. at ¶ 20. In the meantime, she has continued to send in the modified loan payments each month. Plaintiff made her monthly payment for several years without incident. *Id*.

On December 15, 2016, Select Portfolio sent Ms. Anderson a letter, informing her that it was returning her mortgage payment and that she owed $51,966.91 to halt foreclosure action on her home. *Id*. at ¶ 21. On January 26, 2017, Ms. Anderson received a fax from Chase, allegedly informing her that it was attempting to collect a debt on her loan. *Id*. at ¶ 23; *see* Dkt. #19 at 60 (January 26, 2017, Fax).

On June 2, 2017, Ms. Anderson receive a letter from Quality Loan Servicing, Inc. with a Notice of Trustee's Sale set for September 29, 2017. *Id.* at ¶ 26.

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS - 2

Ms. Anderson filed this action in King County Superior Court on December 28, 2017. Dkt. #1-1. Chase removed to this Court on January 18, 2018. Dkt. #1. Ms. Anderson filed an Amended Complaint on March 12, 2018. Dkt. #17. Ms. Anderson's claims against Defendant Chase are brought under: RCW 19.86 Washington's Consumer Protection Act ("CPA"), RCW 19.146 Mortgage Broker Practice Act, RCW 61.24 Deeds of Trust Act ("DTA"), breach of contract, breach of the covenant of good faith and fair dealing, and fraud. *Id*. Chase now moves to dismiss these claims. Dkt. #19.

### III. DISCUSSION

#### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

//

//

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS - 3

### B. Defendant's Motion

As an initial matter, Chase argues that the Amended Complaint as a whole is "conclusory and devoid of any facts about what Chase did wrong," and violates Rule 8 pleading standards by failing to distinguish between Defendants. Dkt. #19 at 11. The Court agrees that the Amended Complaint is at times conclusory and conflates the actions of Defendants.

#### 1. Mortgage Broker Practices Act Claim

Chase then argues that Ms. Anderson's Mortgage Broker Practices Act Claim fails because that Act expressly exempts FDIC-regulated banks like Chase. *Id.* at 1–12 (citing RCW 19.146.020). Ms. Anderson appears to agree and does not contest dismissal of this claim. Dkt. #20 at 4.

#### 2. Statute of Limitations

Chase argues that the remainder of Ms. Anderson's claims are time-barred, mainly because Chase's involvement in this loan ended in 2013. The CPA has a four-year limitations period, RCW 19.86.120, and the remainder of the claims, with the exception of the breach of contract claim, have three-year limitations periods. The statute of limitations for an action upon a contract in writing, or for express or implied liability arising out of a written agreement, is six years pursuant to RCW 4.16.040.

In Response, Ms. Anderson argues that she did not have a cause of action until she received Defendant Select Portfolio's December 15, 2016, letter mentioning foreclosure. Dkt. #21 at 4. As far as her claims against Chase, however, she cites to alleged deceptions that occurred in Chase's 2013 communications with Ms. Anderson. *See id.* at 5–6. At one point, Ms. Anderson contends that Select Portfolio was acting as an agent for Chase. *See id.* at 13.

On Reply, Chase argues that its alleged violations of the above statutes are not related to Select Portfolio's 2016 declaration of default and foreclosure and that Ms. Anderson "offers no compelling authority to support her theory that her claim against Chase accrued in 2016 due to Select Portfolio's actions." Dkt. #22 at 8. Chase argues it is not vicariously liable for Select Portfolio. *Id.* (citing *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 165 (1990); *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 183 (2007), *aff'd sub nom. Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27 (2009). Chase contends it had no interest in the Deed of Trust after January 2013. *Id.* (citing Dkt. #19 at 47 (Assignment of Deed of Trust)). Because Ms. Anderson argues that her claims would accrue when Chase failed to provide a modification or when Chase reneged on its alleged promise when it transferred servicing on June 1, 2013, Chase argues the statutes of limitation on these claims have expired. *Id*. at 8–9.

The Court agrees with Chase. The pleadings inarguably point to Chase's involvement ending when it transferred servicing. Chase never promised not to transfer servicing of her loan. Ms. Anderson's causes of action improperly conflate the actions of Defendants, so that Chase is accused of Select Portfolio's actions. The pleadings do not plausibly claim that Chase is vicariously liable for Select Portfolio. Given all of the above, the claims brought under the CPA, DTA, and fraud are properly dismissed as untimely.

### 3. Other Bases for Dismissal of Claims

Chase presents other bases for dismissing Ms. Anderson's claims.

Chase argues that Ms. Anderson's DTA claim fails because, *inter alia*, no foreclosure sale has occurred. Dkt. #19 at 18 (citing *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 429 (2014) ("[T]here is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale"). Chase also

points out that it is the wrong Defendant for this claim, because Chase is not the entity that would foreclose on this property. *Id*. at 18–19.

Chase argues that the breach of contract claim fails because, *inter alia*, the document she points to as a contract to give her a loan modification, Chase's April 22, 2013, letter, Dkt. #19 at 67, "does not establish a concrete promise to offer her a loan modification, and she does not allege she satisfied the conditions precedent." Dkt. #19 at 19. This may well be true. At first the letter appears to make an offer of a loan modification contingent solely on Ms. Anderson making trial payments, but goes on to state "[y]ou will be required to execute a permanent mortgage modification agreement that we will send you before your modification becomes effective. Until then, your existing loan and loan requirements remain in effect and unchanged…" *Id*. at 67. Ms. Anderson does not plead that she signed that subsequent agreement with Chase. In any event, the pleading for this claim states only that "Defendants induced plaintiff to remain with Chase as a customer with the written promise of a loan modification and then breached the agreement by instituting foreclosure proceedings as described above." Dkt. #17 at ¶ 52. The Court finds that this pleading fails the *Twombly*/*Iqbal* standard by conflating the actions of Defendants and generally lacking sufficient detail. Therefore this claim is properly dismissed.

Chase argues that Ms. Anderson's covenant of good faith and fair dealing claim fails because it does not point to a specific contract term that Chase breached. *Id*. at 20–21 (citing *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1170-71 (W.D. Wash. 2011)). The Court agrees. Ms. Anderson pleads only "[t]he Acts as described above [referring to the entire preceding pleading] were committed in bad faith and for the purpose of inducing plaintiff to change her position. Said conduct was unlawful, unfair and fraudulent." Dkt. #17 at ¶ 55.

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS - 6

Finally, Chase argues that the fraud claim must also be dismissed because Ms. Anderson does not plead with specificity or identify an actionable misrepresentation, and because she brings the claim more than three years after Chase left this loan. *Id*. at 22–23. The Court agrees on all counts.

C. **Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Ms. Anderson states in her Response that she requests leave to amend her Complaint, but does not offer any further argument to support that request. The Court notes that Ms. Anderson has had multiple opportunities to plead her case and has failed to state her claims against Chase with specificity and separately from her claims against the other Defendants. The Court further finds that Ms. Anderson cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore dismissal with prejudice is warranted.

IV. **CONCLUSION**

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Chase's Motion to Dismiss (Dkt. #19) is GRANTED. Plaintiff's claims against Chase are DISMISSED with prejudice.

//

//

//

DATED this 26th day of July 2018.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE