UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUFFIN ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO., *et al.*,<br><br>Defendants. | Case No. C18-73-RSM<br><br>ORDER GRANTING DEFENDANT CHASE'S MOTION FOR ENTRY OF SEPARATE JUDGMENT |

This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A. ("Chase")'s Motion for Entry of Separate Judgment under FRCP 54 and 58. Dkt. #25. On July 26, 2018, the Court granted Chase's Motion to Dismiss, finding that Plaintiff's claims against Chase were untimely and that they improperly conflated the actions of Chase with other Defendants. Dkt. #24. Chase now seeks a separate judgment under Rules 54 and 58.

A court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" when there is "no just reason for delay." Fed. R. Civ. P. 54(b). Rule 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." To enter judgment under Rule 54(b), the judgment must be a "final judgment." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). Granting a motion to dismiss without leave to amend satisfies this requirement.

Chase states there is no just reason for delay because the Court has resolved all claims against it, the claims against Chase do not involve the same issues alleged against the remaining Defendants, and because "[t]here is no possibility that future developments in this action would affect the issues on which Chase now seeks entry of a final judgment." Dkt. #25 at 6–7. Most importantly, Chase argues that the appellate court would not have to decide the same issues more than once, given the temporal gap between the alleged actions of Chase and those of the other Defendants. *Id*. at 7. Chase sets forth, with minimal detail, the hardship it would face if it remained in this case.

Plaintiff Muffin Anderson opposes this Motion. Dkt. #29. She argues that separate judgment risks having multiple appeals on the same legal issues and that Chase has not set forth any significant hardship by remaining in this case.

On Reply, Chase points out that Ms. Anderson does not actually assert that she plans to appeal the Order dismissing Chase, and reiterates that the issues involved in the claims against Chase and the claims against the remaining defendants are distinct. Dkt. #30 at 5. Chase argues that some overlap between claims against the parties is insufficient. Id. at 5 (citing *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)).

The Court finds there is no just reason for delaying separate judgment, and that the appeals court would not have to face duplicative appeals, if Ms. Anderson chooses to file separate appeals. Although similar claims remain pending against the other Defendants, the factual bases of the claims differ significantly as to those Defendants. Although Chase's explanation of hardship is minimal, the Court agrees that it would be more efficient for the parties and the Court to enter separate judgment at this time.

ORDER GRANTING DEFENDANT CHASE'S MOTION FOR ENTRY OF SEPARATE JUDGMENT - 2

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Chase's Motion for Entry of Separate Judgment, Dkt. #25, is GRANTED. The Clerk shall enter judgment against Plaintiff Muffin Anderson and for Defendant JPMorgan Chase, Bank, N.A. as of this date.

DATED this 11 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE